**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30147
Summary Calendar

_____

GINGER MAE, INC., A SUBSIDIARY OF
UNITED COMPANIES FINANCIAL CORPORATION,

Plaintiff-Appellant,

VERSUS

HENRY CISNEROS, AS SECRETARY AND
THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendans-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CV-678-A)

_____

August 8, 1997

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the granting of a summary judgment in favor of Henry Cisneros[2], as secretary and the United States Department of Housing and Urban Development ("HUD"), defendant-appellee, on an action for alleged violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 _et. seq._ In sum, Ginger Mae, appellant and subsidiary of the United Companies Financial Corporation, applied to the HUD's Office of Housing and Federal

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Andrew Cuomo is the current secretary for HUD.

Housing Commissioner ("HUD-FHA") for approval to do business as a "HUD-FHA Investing Mortgagee."  HUD denied Ginger Mae's application on the grounds that its name resembled that of the Government National Mortgage Association, otherwise known as "Ginnie Mae."

Ginger Mae subsequently filed suit against the defendants alleging that the government arbitrarily and capriciously denied Ginger Mae's application, in violation of 5 U.S.C. § 706, because it did not specifically spell out the reasons for its decision. The district court granted summary judgment in favor the defendants and Ginger Mae appeals this ruling.

**Discussion**

The appellant claims that the appellees' decision to deny its application, solely based on its name, is a violation of 5 U.S.C. § 706, as being "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  "The central focus of the arbitrary and capricious standard is on the rationality of the agency's decision making process, rather than its actual decision ... [and] ... an agency's decision must be upheld if at all on the basis articulated by the agency itself." *United States v. Garner*, 767 F.2d 104, 116 (5th Cir. 1985).  Ginger Mae argues that the appellees failed to present evidence to develop their basis for denying the application and that the lower court ignored the evidence presented by the appellant.

2

As the administrative record suggests, the appellees denied the application because the use of the appellant's name would be violative of 18 U.S.C. § 709, a statute imposing criminal penalties upon:

> [w]hoever uses as a firm or business name the words 'Department of Housing and Urban Development', ... or the letters 'HUD', or any combination or variation of these words or the letters 'HUD' ... alone or *with other words or letters reasonably calculated to convey the false impression that such name or business has some connection with, or authorization from, the Department of Housing and Urban Development* ... (emphasis added)

The denial letter also states that:

> the name Ginger Mae is quite similar to and likely to be confused with that of Ginnie Mae. To avoid misleading the public, Ginnie Mae prefers that the name Ginger Mae not be used...

Although the basis for appellees' denial may not be extensive, it is certainly sufficient. Merely from the letter of denial, we can determine that the appellees believe that the name Ginger Mae suggests that it is affiliated with the Federal Government, and that because of this the public may confuse it with Ginnie Mae.[3] The appellees' concerns center around the fact that investors might erroneously think that the appellant, Ginger Mae, sells mortgaged backed securities from the United States Government.

---

[3] Ginnie Mae is a wholly owned corporation of the United States within HUD. It authorizes private entities to issue federally insured or guaranteed home mortgages to investors. These investors are encouraged to purchase these securities because they are backed by the full faith and credit of the United States. The purpose of the Ginnie Mae program is to attract private capital into low and moderate income housing.

**Analysis**

The similarities between the two names, Ginger Mae and Ginnie Mae, are immediately apparent. Substantial evidence by the appellees about the confusion that the appellant's name may produce is hardly required as it is self-evident. Extensive research is not needed to determine that the name Ginger Mae is similar to Ginnie Mae and that this could cause some public confusion.

The appellant assures that it does not intend to purchase or hold FHA-insured loans. However, this does not relieve HUD of its duty to determine whether the name Ginger Mae is similar to Ginnie Mae and whether this could cause the public some confusion. HUD has a duty to prevent confusion and there is no question that such confusion would be significantly heightened if the appellant were permitted to deal HUD-FHA securities.

The only other argument by the appellant which merits notice is its allegation that it only deals with sophisticated institutions who would be arguably less confused than non-sophisticated investors. An institution's level of sophistication is relative and difficult to measure. The assertion that Ginger Mae's investors are less likely to get confused than other investors does not make Ginger Mae's name less similar to that of Ginnie Mae. The possibility for confusion remains and that is a risk that the appellees cannot afford.

Based on the submitted briefs and record, we find that the

4

appellees have a legitimate concern.  We are particularly aware of the language in 18 U.S.C. § 709.  The identical suffixes of both institutions and the similarity between the names "Ginger" and "Ginnie" are enough for us to find that the actions of the appellee were not arbitrary, capricious, an abuse of discretion, or in any way a violation of 5 U.S.C. § 701 *et seq.*

Based on the foregoing, we accordingly AFFIRM.